PIONEER SCREW AND NUT COMPANY, Plaintiff-Appellee, v. WASH-INGTON NATIONAL INSURANCE COMPANY, Defendant-Appellant.

First District (3rd Division)   No. 1—88—0348

Opinion filed December 29, 1989.

Wildman, Harrold, Allen & Dixon, of Chicago (Roderick A. Palmore and Georgia L. Vlamis, of counsel), for appellant.

Altheimer & Gray, of Chicago (David V. Kahn and Robert K. Blain, of counsel), for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Defendant-appellant, Washington National Insurance Company (WNIC), appeals from an order of the circuit court of Cook County which granted summary judgment in favor of plaintiff-appellee, Pioneer Screw and Nut Company (Pioneer). On appeal, WNIC argues

that the trial court erred in granting summary judgment in favor of Pioneer. We reverse.

Pioneer drafted and adopted the Pioneer Screw and Nut Company Group Benefit Plan (the Plan), which provided medical coverage for qualified employees and their dependents as of January 1, 1980. Pioneer subsequently entered into an individual stop-loss and aggregate stop-loss agreement with WNIC (the WNIC Agreement), effective January 1, 1985. The WNIC Agreement provided that WNIC would reimburse Pioneer for payment of expenses covered under the Pioneer Plan and the WNIC Agreement, after Pioneer had satisfied its $100,000 deductible.

Judith Hirsch, the wife of Pioneer's chairman of the board, Howard Hirsch, was a covered dependent under the Pioneer Plan who experienced a mental illness which required hospitalization and treatment. Mrs. Hirsch refused to agree to voluntary treatment, and her spouse, Howard, instituted legal proceedings for her involuntary commitment and for the appointment of a guardian who would have authority to consent to medical treatment on her behalf. Mr. Hirsch, Mrs. Hirsch and the guardian each retained separate legal counsel to litigate the commitment issue. The attorney fees and psychiatrists' witness fees totalled $132,254.50. Pioneer thereafter paid Howard Hirsch for the legal fees and expenses incurred in the involuntary commitment of his wife and sought reimbursement from WNIC. WNIC refused to reimburse Pioneer for the money expended for legal fees because, in its view, neither the Pioneer Plan nor the WNIC Agreement provided for reimbursement for legal fees and expenses.

In June 1987, Pioneer filed a complaint for declaratory judgment which requested that the court order WNIC to reimburse Pioneer for the money expended for legal fees and expenses in accordance with the terms of the Plan and the WNIC Agreement. Thereafter, both parties filed motions for summary judgment. After briefing and oral argument, the trial court entered an order granting summary judgment in favor of Pioneer and denying WNIC's motion for summary judgment. This appeal followed.

On appeal, WNIC argues that the trial court erred in granting summary judgment in favor of Pioneer and in denying its motion for summary judgment. It is WNIC's position that the express terms of the Plan and the WNIC Agreement preclude Pioneer's recovery for legal expenses. We agree.

Section 3.2(d) of the Plan provides:

"3.2 Eligible expenses are defined as and limited to the following necessary expenses to the extent that they are usual

and customary and are recommended by the attending physician:

\* \* \*

(d) Expenses for medical care and treatment and the performance of a surgical procedure by a physician."

In addition, the WNIC Agreement provides:

"H. Amounts actually paid shall mean the checks or drafts issued for payment of Individual Loss or Aggregate Loss but it shall not mean court cost; penalties; interest upon judgments; or investigation, adjustment or legal expense \*\*\*."

▆ When construing an insurance policy, the court's primary concern is to give effect to the intent of the parties as expressed by the contract. (*Strzelczyk v. State Farm Mutual Automobile Insurance Co.* (1985), 138 Ill. App. 3d 346, 349, 485 N.E.2d 1230, 1232.) Where the words of an insurance policy can reasonably be given their plain, ordinary and proper meaning, the provisions should be applied as written and the parties should be bound to their agreement. *Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 495, 475 N.E.2d 872, 876.

▆ In the present case, the phrase "expenses for medical care and treatment" found in section 3.2(d) of the Plan in its plain and ordinary meaning simply does not include and makes no reference to attorney fees. Further, the WNIC Agreement specifically excludes reimbursement for legal expenses. Under these circumstances, the trial court's ruling that the policy is ambiguous and that Pioneer is entitled to reimbursement for legal expenses as a matter of law is erroneous.

▆ Summary judgment is appropriate if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (*McGowan v. Torres* (1989), 184 Ill. App. 3d 589, 591, 540 N.E.2d 517, 518-19.) In reviewing a trial court's entry of summary judgment, the reviewing court's sole function is to determine whether the trial court correctly decided that there were no genuine issues of material fact, and if there were none, whether judgment for the movant was correct as a matter of law. *International Amphitheatre Co. v. Vanguard Underwriters Insurance Co.* (1988), 177 Ill. App. 3d 555, 571, 532 N.E.2d 493, 503.

▆ Here, the trial court properly found that there were no genuine issues of material fact, but erred in entering judgment in favor of Pioneer and against WNIC. Because the plain language of the policy precludes coverage and reimbursement for legal expenses, the trial

court should have entered summary judgment in favor of WNIC and against Pioneer.

Accordingly, the trial court's order granting summary judgment in favor of Pioneer and against WNIC is reversed, and summary judgment is entered in favor of WNIC and against Pioneer.

Judgment reversed.

FREEMAN, P.J., and CERDA, J., concur.